# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HENRY FROMETA GONZALEZ,

    Plaintiff,

vs.

HIGH DESERT STATE PRISON,

    Defendant.

Case No. 2:11-CV-02061-PMP-(RJJ)

**ORDER**

    Plaintiff, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff will need to pay the filing fee through monthly installments. The court has reviewed the complaint, and the court will dismiss this action.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Plaintiff's inability to gain access to the funds in his inmate account is the subject of this action. Plaintiff alleges that he and another inmate were involved in a fight on April 18, 2011. On May 9, 2011, he was served with a form indicating that he would need to split a restitution charge of $32 with the other inmates. By November 20, 2011, when he dated the complaint, the amount had not yet been collected, and his account has been frozen the entire time.

Plaintiff alleges that one consequence of the frozen account is that he has been unable to mail a petition for a writ of certiorari to the Supreme Court of the United States, arising out of a decision of this court. Plaintiff does have a right of access to the courts, which is violated if he can demonstrate an actual injury such as an inability to file a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 348-53 (1996). The court takes judicial notice of Gonzalez v. District Attorney, 2:10-CV-01447-KJD-(PAL), because it was the only case in which plaintiff could have filed a certiorari petition in the relevant time. The court dismissed the action because plaintiff was seeking money damages from the district attorney for actions that he took as a prosecutor. The prosecutor was absolutely immune from such a suit. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). A certiorari petition in that action would have had no legal basis, and thus petitioner did not suffer an actual injury to his right of access to the courts.

Plaintiff has not named a defendant that can be sued in a civil rights action pursuant to 42 U.S.C. § 1983. The only defendant named is the High Desert State Prison in its official capacity. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way

1  of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984)

2  (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55

3  (1978)).  In other words, plaintiff is effectively suing the Nevada Department of Corrections.  42

4  U.S.C. § 1983 states, in relevant part:

5  > Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

9  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."

10  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The same rule applies to agencies

11  that are arms of the state, such as the Nevada Department of Corrections.  Doe v. Lawrence

12  Livermore Nat. Laboratory, 131 F.3d 836 (9th Cir. 1997).  Plaintiff cannot state a claim pursuant to

13  42 U.S.C. § 1983 against the Nevada Department of Corrections.

14  Finally, the court cannot award plaintiff the damages that he seeks.  He wants $100 per day

15  for mental distress, pain, and suffering.  Those damages are unavailable to a prisoner unless he

16  demonstrates that he has suffered a physical injury.  42 U.S.C. § 1997e(e).  Given the nature of this

17  action, a frozen inmate account, plaintiff cannot demonstrate such an injury.

18  IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis

19  (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, the

20  full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

21  IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

22  Department of Corrections shall pay to the Clerk of the United States District Court, District of

23  Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #94818), in the

24  months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.

25  The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall

26  also send a copy of this order to the attention of the chief of inmate services for the Nevada

27  Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

28  IT IS FURTHER ORDERED that the clerk of the court file the complaint.

1  IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim
2 upon which relief can be granted.  The clerk of the court shall enter judgment accordingly.
3  DATED:  January 25, 2012

_____
PHILIP M. PRO
United States District Judge